PREET BHARARA
United States Attorney for the
Southern District of New York
By:    HEIDI A. WENDEL
       MARA E. TRAGER
Assistant United States Attorneys
86 Chambers Street, 3rd Fl.
New York, NY 10007
Tel.: (212) 637-2636/2799
Fax: (212) 637-2702
Email: heidi.wendel@usdoj.gov
       mara.trager@usdoj.gov

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA and STATE OF :
NEW YORK ex rel. JOHN DOE,                                   :
                                                             :
              Plaintiff,                                     :
                                                             :       11 Civ. 5329 (CM)
       -against-                                             :
                                                             :
WESTCHESTER COUNTY HEALTH CARE                               :
CORPORATION,                                                 :
                                                             :
              Defendant.                                     :
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                                    :
                                                             :
              Plaintiff,                                     :
                                                             :
       -against-                                             :
                                                             :
WESTCHESTER COUNTY HEALTH CARE                               :
CORPORATION, doing business as Westchester                   :
Medical Center,                                              :
                                                             :
              Defendant.                                     :
-------------------------------------------------------------X

## STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation" or "Agreement") is entered into among the United States of America, by its attorney Preet Bharara,

United States Attorney for the Southern District of New York (the "United States"), Defendant Westchester County Health Care Corporation, doing business as Westchester Medical Center ("WCHCC" or "Defendant"), and Bruce Anderson ("Relator") through their authorized representatives (collectively, the "Parties");

WHEREAS, on or about July 28, 2011, Relator filed a *qui tam* action in the United States District Court for the Southern District of New York, captioned United States of America *ex rel.* John Doe against Westchester County Health Care Corporation, 11 Civ. 5329 (CM), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) ("the Relator's Action"). The Relator's Action alleges that defendant fraudulently billed Medicaid and other government payors for services that were not supported by the patient records and/or were performed by medical staff that was not licensed to provide them;

WHEREAS, on or about October 10, 2012, Relator filed an amended complaint in the Relator's Action adding claims under the *qui tam* provisions of the New York False Claims Act, New York State Fin. Law §§ 187-91;

WHEREAS, on October 23, 2012, the United States intervened in the Relator's Action and filed a complaint-in-intervention (the "Federal Complaint") against WCHCC alleging that, from August 2001 through June 2010, WCHCC submitted false certifications to the federally-funded Medicaid program stating that claims for services in the outpatient department of WCHCC's behavioral health center complied with applicable regulations, when WCHCC knew or should have known that (i) many of the claims lacked required supporting documentation and (ii) many of the services underlying the claims did not meet the minimum duration requirements established by regulations and/or were provided by staff that lacked proper certification from New York State and credentials from WCHCC (this conduct, and the conduct more specifically

2

described in Paragraph 2 below and in the Federal Complaint, are defined as the "Covered Conduct");

WHEREAS, the United States has negotiated a settlement in the amount of $7 million to resolve the losses to Government Health Care Programs (as defined in Paragraph 14 below), federal and state, with respect to the Covered Conduct;

WHEREAS, New York State, through the Medicaid Fraud Control Unit of the New York State Attorney General's Office, is entering into a separate settlement agreement with WCHCC to provide a release from the State with respect to the Covered Conduct;

NOW, THEREFORE, to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Stipulation, the Parties agree and covenant as follows:

1. The Parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2. Defendant admits, acknowledges, and accepts responsibility for the following during the period August 2001 through June 2010:

   (i) In connection with submitting claims for reimbursement from Government Health Care Programs for outpatient services at its behavioral health center, WCHCC certified, but in many instances failed to achieve, compliance with certain of the Medicaid rules and regulations that govern the required level of documentation to support payment for those claims;

   (ii) Required documentation related to outpatient services furnished at the behavioral health center and billed by WCHCC, including patient progress notes, treatment plans and treatment plan reviews, was often missing or incomplete, such as by failing to specify, or inaccurately stating, the duration of the services furnished;

        (iii)    The outpatient clinic of WCHCC's behavioral health center lacked a dedicated compliance program to monitor for the documentation required by Medicaid rules and regulations applicable to outpatient mental health services; and

        (iv)    For a portion of the relevant time period, WCHCC permitted a licensed nurse practitioner certified by the New York State Education Department in family health, and not psychiatry, to furnish psychiatric services at the behavioral health center's outpatient clinic, even though the nurse practitioner had not been credentialed by WCHCC to do so.

3.    WCHCC shall pay to the United States a total of $3.5 million (the "U.S. Settlement Amount") for the federal portion of the loss to the Medicaid program claimed by the United States due to the Covered Conduct. WCHCC shall make payment of the U.S. Settlement Amount by electronic funds transfer within 10 days of the Effective Date (as defined in Paragraph 24 below) pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York. WCHCC shall pay the State a total of $3.5 million for the State portion of the loss to the Medicaid program claimed by the United States due to the Covered Conduct.

4.    Conditioned upon WCHCC's payment of the U.S. Settlement Amount, the United States releases WCHCC and all of its predecessors, successors, and members as well as current and former officers, directors, trustees, employees, affiliates, and assigns, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, and the common law or equitable theories of fraud, negligence, gross negligence, payment under mistake of fact and unjust enrichment.

5. Subject to the exceptions in Paragraph 9, in consideration of the obligations of WCHCC in this Stipulation, conditioned upon WCHCC's timely full payment of the U.S. Settlement Amount, the United States shall dismiss with prejudice the Federal Complaint and the Relator shall dismiss with prejudice the Relator's Action. Provided, however, that the Court shall retain jurisdiction over this Stipulation and each Party to the extent the obligations herein remain unsatisfied by that Party.

6. Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation but agree and confirm that this Stipulation is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Subject to any claims Relator may have for his share of the U.S. Settlement Amount pursuant to the Stipulation and Order of Settlement and Release between the Relator and the United States, Relator, for himself individually, and for his heirs, successors, attorneys, agents, and assigns, fully and finally releases, waives, and forever discharges the United States, its officers, agents, and employees from any claims arising from the filing of the Relator's Action and from any claims under 31 U.S.C. § 3730.

7. Conditioned upon WCHCC's full payment of the U.S. Settlement Amount, Relator, for himself individually and for his heirs, successors, attorneys, agents, and assigns, releases WCHCC and all of its current and former officers, directors, employees, agents, affiliates, and assigns from any claims the Relator has asserted, could have asserted, or may assert in the future for any reason for any acts or omissions, including but not limited to any claims on behalf of the United States for the Covered Conduct; provided, however, Relator's claims for attorney's fees and expenses under 31 U.S.C. § 3130(d)(1) are specifically reserved and shall not be released hereby.

8. In consideration of the Relator's execution of this Stipulation and Relator's releases as set forth in Paragraph 7, WCHCC, and all of its current and former officers, directors, employees, agents, affiliates, and assigns, release the Relator, his heirs, successors, attorneys, agents and assigns, from any and all claims for any action, events, or conduct that predates this Stipulation.

9. Notwithstanding the releases given in Paragraph 4 or any other Paragraph of this Stipulation, the following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in this Stipulation, any administrative liability, including mandatory exclusion from Federal health care programs;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

    e. Any liability based upon obligations created by this Stipulation.

10. WCHCC shall be in default of this Stipulation if it fails to pay the U.S. Settlement Amount, in whole or in part, on or before its due date. The United States will provide written notice of any default, to be sent by email and first class mail to the undersigned attorneys for WCHCC. In the event of default, the entire remaining unpaid U.S. Settlement Amount shall be immediately due and payable by WCHCC, and interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default. If the U.S. Settlement Amount, with all accrued interest, is not paid in full within seven (7) business days after delivery of the notice of default, WCHCC

shall agree to a Consent Judgment against WCHCC in the amount of the unpaid balance, and the United States, at its option, may: (a) rescind this Stipulation and reinstate the Federal Complaint filed in this action as to WCHCC or seek specific performance of the Stipulation; (b) offset the remaining unpaid balance from any amounts due and owing WCHCC by any department, agency, or agent of the United States at the time of default; or (c) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. WCHCC shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any State or Federal court. In addition, WCHCC shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, WCHCC shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent such defenses existed as of July 28, 2011.

11. WCHCC waives and shall not assert any defenses it may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

12. Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the U.S. Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

13. WCHCC fully and finally releases the United States, and its agencies, officers, employees, servants, and agents, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that WCHCC has asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

14. WCHCC agrees to the following:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47, and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk and 1396-1396w-5, and the regulations and official program directives promulgated thereunder) incurred by or on behalf of WCHCC, its present or former officers, directors, trustees, employees, members and agents in connection with:

    (1) the matters covered by this Stipulation;

    (2) the United States' audit(s) and investigation(s) of the matters covered by this Stipulation;

    (3) WCHCC's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

    (4) the negotiation and performance of this Stipulation; and

    (5) the payment made to the United States pursuant to this Stipulation and any payments that WCHCC may make to Relator, including for his costs and attorney's fees,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs") and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP") (collectively, "Government Health Care Programs").

      b.    Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for in nonreimbursable cost centers or categories by WCHCC, and WCHCC shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by WCHCC or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

      c.    Treatment of Unallowable Costs Previously Submitted for Payment: WCHCC further agrees that within 90 days of the Effective Date of this Stipulation it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by WCHCC or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. WCHCC agrees that the United States, at a minimum, shall be entitled to recoup from WCHCC any overpayment plus applicable interest and penalties as a result of the

inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by WCHCC or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on WCHCC or any of its subsidiaries' or affiliates' cost reports, cost statements, or information reports.

    d.    Nothing in this Stipulation shall constitute a waiver of the rights of the United States to audit, examine, or re-examine WCHCC's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

15. WCHCC agrees that it waives and shall not seek payment for any of the health care billings covered by this Stipulation from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

16. Except as expressly provided to the contrary in this Stipulation, this Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity except as provided in Paragraphs 4, 5, 6, 7, and 8.

17. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18. Each Party and signatory to this Stipulation represents that it freely and voluntarily enters into this Stipulation without any degree of duress or compulsion.

19. This Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

20. The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

21. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

22. Any failure by the United States to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

23. Any notices pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be given by hand delivery, express courier, or facsimile transmission followed by postage prepaid mail, and shall be addressed as follows:

TO THE UNITED STATES:

Heidi A. Wendel and Mara E. Trager
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2636/2799

TO DEFENDANT WCHCC:

Stephen A. Warnke, Esq.
Christopher P. Conniff, Esq.
Brett R. Friedman, Esq.
Ropes & Gray LLP

11

1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 841-0681

TO RELATOR:

Timothy J. McInnis, Esq.
McInnis Law
521 Fifth Avenue, 17th Floor
New York, NY 10175-0038
(212) 292-4573

    24.    The effective date of this Stipulation is the date upon which this Stipulation is entered by this Court (the "Effective Date").

Dated: New York, New York
Oct 23, 2012

By:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff
United States of America

_____
HEIDI A. WENDEL
MARA E. TRAGER
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2636/2799
Facsimile: (212) 637-2702
heidi.wendel@usdoj.gov
mara.trager@usdoj.gov

Dated: New York, New York
_____, 2012

Westchester County Health Care Corporation

By: _____
STEPHEN A. WARNKE, ESQ.
CHRISTOPHER P. CONNIFF, ESQ.
BRETT R. FRIEDMAN, ESQ.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 841-0681
stephen.warnke@ropesgray.com

Dated: New York, New York
October 23, 2012

Bruce Anderson, Relator

By: /s/ TJM
Timothy J. McInnis, Esq.
McInnis Law
521 Fifth Avenue, 17th Floor
New York, NY 10175-0038
(212) 292-4573
TMcInnis@mcinnis-law.com

14

Dated:     New York, New York
                October 15, 2012

                                    Westchester County Health Care Corporation

                        By:    _/s/ Stephen A. Warnke_
                                STEPHEN A. WARNKE, ESQ.
                                CHRISTOPHER P. CONNIFF, ESQ.
                                BRETT R. FRIEDMAN, ESQ.
                                Ropes & Gray LLP
                                1211 Avenue of the Americas
                                New York, NY 10036
                                Telephone: (212) 841-0681
                                stephen.warnke@ropesgray.com


Dated:     New York, New York
                _____, 2012


                                      Bruce Anderson, Relator

                       By:    _____
                                Timothy J. McInnis, Esq.
                                McInnis Law
                                521 Fifth Avenue, 17th Floor
                                New York, NY 10175-0038
                                (212) 292-4573
                                TMcInnis@mcinnis-law.com

Dated: ~~New York, New York~~ Warrenville, Illinois
October 23, 2012

Bruce Anderson, Relator

_/s/ Bruce Anderson_

SO ORDERED:

23 October, 2012

_/s/ Colleen McMahon_
HONORABLE COLLEEN MCMAHON, U.S.D.J.

15